# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WATSON SIMMONS and MARY SIMMONS**                                              **PLAINTIFFS**

**V.**                                                                                                     **CASE NO. 1:05CV2**

**FIRST CHEMICAL CORPORATION et al**                                            **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiffs' motion for remand [41-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs include Watson Simmons and his wife Mary Simmons, both of whom are residents of Eupora, Mississippi. The defendants include eight-nine (89) corporations from across the country, including some Mississippi corporations, which are engaged in the business of manufacturing, selling, marketing, distributing, and/or designing allegedly carcinogenic products, including solvents, naptha, toluene, benzene, benzene-containing products, vinyl chloride, and other carcinogenic materials.

This case, originally filed in the Choctaw County Circuit Court, alleges various products liability claims stemming from Watson's exposure to carcinogenic materials which resulted in him developing Non-Hodgkin's Lymphoma, a cancer of the blood-forming organs. This exposure allegedly occurred during his employment at the Gulf & Western Steel Plant in Ackerman, Mississippi between 1967 and 1990. In addition, Mary has a number of derivative claims based on Watson's injuries. On January 6, 2005, the defendants removed the case to federal court alleging bankruptcy jurisdiction due to the fact that the plaintiffs' claims accrued before or during their bankruptcy proceedings. Apparently, the plaintiffs alleged in a separate case that Watson had

developed asbestosis and other cancer caused by exposure to asbestos, and this claim was duly listed as an unliquidated claim on their bankruptcy schedule. The plaintiffs subsequently dropped Watson's cancer claim from the other lawsuit, and the Simmons' Chapter 13 plan was confirmed on March 30, 2004. Watson and Mary filed the instant claim on August 31, 2005.

Watson and Mary concede that they filed for bankruptcy on August 4, 2003 but argue that their claims did not accrue until after their plan had been confirmed. They further argue that they withdrew from the asbestos litigation after discovering that Watson did not, in fact, have asbestos and that his cancer was caused by exposure to other dangerous substances. Watson and Mary both aver that they did not know of the connection between Watson's specific injuries and the benzene-related chemicals to which he had been exposed until the plaintiffs' attorney suggested that possibility some time after the plan confirmation.

Removal in this case is governed by 28 U.S.C. § 1441(b), which permits removal of cases which invoke questions of federal law and thus could have originally been brought in federal court under 18 U.S.C. § 1331. Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362, 366 (5th Cir. 1995). Such a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. Carpenter, 44 F.3d at 366. The removing defendant bears the burden of establishing federal jurisdiction over a case originally brought in state court. Id.

28 U.S.C. § 1334 states in relevant part:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

2

Matter of Wood, 825 F.2d 90, 92 (5th Cir. 1987). Section 541(a)(1) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In determining whether a claim brought outside the context of the bankruptcy proceedings themselves is sufficiently "related to" a bankruptcy proceedings, the Fifth Circuit has adopted the following extremely expansive test: "could the outcome of the removed proceedings have any conceivable effect on the estate being administered in bankruptcy." Wood, 824 F.2d at 93.

When a debtor petitions for bankruptcy, the petition creates an estate, and all of the debtor's property becomes a part of that estate, including causes of action which belonged to the debtor *at the time the case was commenced*. 11 U.S.C. § 541. See also Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865, 867 n.9 (holding that "[a] 'cause of action' is an asset or a property right of the individual to whom it belongs" and belongs to the bankruptcy estate unless abandoned).

In the case at bar, the Wood test turns entirely on the question of when Watson and Mary's claims accrued. If the claim accrued prior to the confirmation of their plan, then the instant lawsuit should be considered a property of the estate and would quite obviously have a significant effect on the administration of the estate. Thus, bankruptcy jurisdiction under Wood exists, and the motion for remand should be denied. On the other hand, if the claim accrued after the confirmation of the plan, then the instant case, regardless of its outcome, could not have any conceivable effect on the administration of the bankruptcy estate, and the motion for remand should be granted.

The Mississippi Supreme Court has held that "[a] cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." Forman v.Mississippi Publishers Corp., 14 So.2d 344, 346 (Miss. 1943). However, in Smith v. Sanders, that

3

court also held that:

> [t]here may be rare cases where the patient is aware of his injury prior to the [expiration of the limitations period], but does not discover and could not have discovered with reasonable diligence the act or omission which caused the injury. In such cases, the action does not accrue until the latter discovery is made.

Smith v. Sanders, 485 So.2d 1051,1052-53 (Miss. 1986). See also Barnes v. Singing River Hosp. Systems, 733 So.2d 199, 205 -206 (Miss. 1999)("While the Barneses may have been aware of Lisa's injuries before the one year time limit was up, they could not reasonably have known that Singing River was responsible for those injuries until their medical expert notified them of the possible negligence on May 8, 1996.") While these cases expand on the definition of "accrual" within the context of applying statutes of limitation, the Court sees no reason why they are not applicable in the case at bar. Accordingly, the Court agrees with the plaintiffs that their claims did not accrue until they could have known that Watson's injuries were attributable to the carcinogenic substances to which he had allegedly been exposed as a result of the defendants' conduct.

The defendants make much of the fact that Watson and Mary initially brought suit against makers of asbestos, listed that suit on their bankruptcy schedules and then withdrew from the asbestos suit before filing the instant suit after confirmation of their plan. The defendants interpret this sequence of events to be evidence of an intent on the plaintiffs' part to improperly exclude their claims from the bankruptcy estate.[1] The Court, frankly, agrees with the defendants that the plaintiffs' timing looks suspicious. However, suspicious timing is not evidence of fraud. The law places the burden of demonstrating the appropriateness of removal on the removing party. Consequently, the Court accepts as true the plaintiffs' explanation of the timeline: that they withdrew from the asbestos

---

[1]Indeed, the defendants also seek dismissal of the instant suit on grounds of judicial estoppel, arguing that the plaintiffs' failure to list the instant claims no their schedules bars suit.

4

litigation after discovering that Watson did not actually have asbestosis and that they did not know of the causal relationship between Watson's illness and the chemicals produced by the defendants until after the bankruptcy plan had been confirmed. Accordingly, the Court concludes that federal jurisdiction over this action is lacking.

As an alternative basis for remand, the Court also notes that it has the authority to abstain from a case which has been removed to federal court solely because of its connection to a bankruptcy estate and to remand the case in the interests of justice and comity or out of respect for state law. 28 U.S.C. § 1331(c)(1); 28 U.S.C. § 1452(b). Indeed, if the removed case is merely "related to" a bankruptcy case, the Court is required to abstain and to remand the case. 28 U.S.C. § 1331(c)(2). The defendants urge the Court to refrain from either discretionary or mandatory abstention on the grounds that the plaintiffs were obligated to list the instant suit as an asset of the bankruptcy estate, and their failure to do so makes this case a core bankruptcy proceeding. The Court finds the defendants' argument compelling. However, to find it persuasive and controlling, the Court must accept that the plaintiffs willfully concealed this claim from the bankruptcy estate. The defendants have not satisfied their burden of proof in showing that this is the case. Accordingly, abstention in this case is permissible and may in fact be required.

In light of the foregoing analysis, the plaintiffs' motion for remand [41-1] is GRANTED. A separate order to that effect shall issue this day.

This is the 21st day of September, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**